1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12

MARQUIS ALONZO PETERSON,

13

Petitioner,                                    NO. CR00-5333JET

14

v.                                                  ORDER

15

UNITED STATES OF AMERICA,

16

Respondent.

17

18          THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to

19   Reopen Judgment.

20          Having considered the entirety of the records and file herein, the Court finds and rules as

21   follows:

22          Although Defendant has brought this motion pursuant to Fed.R.Civ.P. 59(a) seeking re-

23   sentencing based on Blakely v. Washington, 124 S. Ct. 2531 (June 24, 2004), the motion is properly

24   construed under 28 U.S.C. §2255.  The statute imposes a one-year limitations period for filing a

25

26   - 1

1   motion to vacate, set aside or correct sentence, which runs from the later of:

2   (1) the date on which the judgment of conviction becomes final; [or]

3   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right
    has been newly recognized by the Supreme Court and made retroactively applicable to cases on
4   collateral review...

5   28 U.S.C. 2255(1), (3).

6          Defendant pled guilty on January 5, 2001.  He did not appeal, and his conviction became final

7   on or about January 15, 2002.  Thus, the statute of limitations expired on or about January 15, 2003.

8   The later triggering date under 28 U.S.C. § 2255(3) is inapplicable, for the following reason.

9          In United States v. Booker, 125 S.Ct. 738 (Jan.12, 2005), the Supreme Court determined

10  that Blakely applies to the Federal Sentencing Guidelines.  However, United States v. Booker does

11  not apply retroactively to cases on collateral review.  Guzman v. United States, 2005 WL 803214

12  (2d Cir. April 8, 2005)); United States v. Leonard, 2005 WL 139183 at 1 (10th Cir. Jan. 24, 2005).

13  Defendant's conviction became final prior to Booker.  Because Booker has not been made

14  retroactively applicable to cases on collateral review, is inapplicable to this case.  Accordingly,

15  Defendant's Motion is DENIED.

16         IT IS SO ORDERED.

17         The clerk of the court is instructed to send uncertified copies of this Order to all counsel of

18  record.

19             DATED this 19th day of May, 2005.

20

21                          /s JACK E. TANNER

22                          _____
                            JACK E. TANNER
                            SR. UNITED STATES DISTRICT JUDGE
23

24

25

26  - 2