UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>MARQUIS ALONZO PETERSON,<br><br>                Defendant. | Case No.  CR00-5333FDB<br><br>ORDER |

      This matter comes before the court on the Defendant's "Detainer Resolution Request" (Doc. 40), which was filed on May 3, 2007.  The court, having reviewed the motion and the balance of the record, finds and orders as follows.

      1. Defendant is currently incarcerated in the Washington Corrections Center, serving a sentence on a conviction of "Attempting to elude a pursing police vehicle."  Defendant's request seeks cancellation of a detainer, presumably issued pursuant to RCW 9.100 *et seq.,* on a charge of "Breach of halfway house contract rules" in the above captioned case.

      2. The court is unaware of any detainer related to the above captioned case.  According to the record, Defendant plead guilty to the unlawful possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and on January 4, 2001, Defendant was sentenced to serve "Seventy-seven months consecutive to his sentences in State v. Peterson, No 99-1-04928-6 (Pierce County Superior Court) and State v. Peterson, No. 99-1-04257-S (Pierce County Superior Court)" (Doc. 33).   Judge Tanner also imposed three-years of supervised release upon Defendant's release from imprisonment.

      3. To the extent Defendant's request is a challenge to his conviction or sentence, Defendant must file such a pleading pursuant to 28 U.S.C. §2255, clearly stating the issues raised.  Defendant is further

1  advised that the habeas statute imposes a one-year limitations period for filing a motion to vacate, set aside
2  or correct sentence, which runs from the later of: (1) the date on which the judgment of conviction
3  becomes final; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court,
4  if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on
5  collateral review... 28 U.S.C. 2255(1), (3).

6      4. In sum, the court finds no basis for Defendant's request, and therefore the request is DENIED.

7  DATED this 1st day of June, 2007.

10          FRANKLIN D. BURGESS
11          UNITED STATES DISTRICT JUDGE

14  Recommended for Entry this
   1st day of June, 2007.

16  */s/ J. Kelley Arnold*
   J. Kelley Arnold
17  United States Magistrate Judge

ORDER
Page - 2